Linda D. (Schroeder) KRAUSS, Relator,

v.

ITT CONTINENTAL BAKING COMPANY and INA/CIGNA Insurance Company, Respondents.

No. C3–88–2276.

Supreme Court of Minnesota.

Feb. 27, 1989.

Bass and Museus, P.A., Louis D. Bass, Minneapolis, for relator.

Burton D. Anderson and Associates, Timothy J. Manahan, Bloomington, for respondents.

### ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals is affirmed in part, reversed in part, and remanded to the compensation judge for further proceedings in accordance with the memorandum attached hereto.

KEITH, J., took no part.

Considered and decided by the court en banc without oral argument.

### MEMORANDUM

POPOVICH, Chief Justice.

This workers' compensation matter arose out of proceedings initiated by ITT Continental Baking Company and its worker's compensation liability insurer to discontinue temporary total compensation on grounds that the employee had reached maximum medical improvement. Benefits were discontinued by administrative decision, and the employee filed an objection. The employee also filed a request for the approval of a retraining plan. The discontinuance and retraining matters were consolidated and heard before a compensation judge who found that the employee was entitled to temporary partial compensation at the temporary total compensation rate. The compensation judge also found that retraining was a "viable option" but that the particular retraining plan submitted for approval was not statutorily appropriate; and she accordingly denied the request for approval. On the appeal of both parties, the Workers' Compensation Court of Appeals affirmed the denial of retraining benefits but, by majority decision, reversed the award of temporary partial compensation pursuant to *Parson v. Holman Erection Co., Inc.*, 428 N.W.2d 72 (Minn.1988). By writ of certiorari, the employee has sought review. Specifically, the employee is ask-

ing this court to address the issue as to whether an employee who has reached maximum medical improvement, who is in need of retraining, but who has not obtained approval for a specific retraining plan, loses temporary total compensation. Minn.Stat. § 176.101, subd. 3e(a) (1984).

From our review of the record, we believe that the question presented is not properly before us. There have been no express findings as to the requisite necessity for retraining. In addition, assuming such requisite necessity exists, there is no finding as to when rehabilitation efforts focused on retraining. Accordingly, we reverse the decision of the Workers' Compensation Court of Appeals to the extent that it precludes further temporary total compensation and remand the matter to the compensation judge to make additional findings and to take additional evidence if deemed desirable for resolution of whether the employee may be entitled to further temporary total compensation under Minn. Stat. § 176.101, subd. 3e(a). *Cf. Schulte v. C.H. Peterson Const. Co.*, 278 Minn. 79, 153 N.W.2d 130 (1967) (remand for resolution of issue prematurely presented).